GOODWIN PROCTER LLP
Forrest A. Hainline III (State Bar No. 64166)
fhainline@goodwinprocter.com
Patrick S. Thompson (State Bar No. 160804)
pthompson@goodwinprocter.com
Susanne N. Geraghty (State Bar No. 218098)
sgeraghty@goodwinprocter.com
101 California Street, Suite 1850
San Francisco, California 94111
Telephone: (415) 733-6000
Facsimile: (415) 677-9041

Attorneys for Defendants
AXIOM WORLDWIDE, LLC.,
AXIOM WORLDWIDE, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY L. HOANG and CHARLES C. STRONG, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>AXIOM WORLDWIDE, LLC., a Florida corporation; AXIOM WORLDWIDE, INC., a Florida corporation; JAMES GIBSON; NICK EXHAROS; and DOES 1-50,<br><br>*Defendants.* | Case No. C 07 5450<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY JURISDICTION); §§ 1332(d), 1453(a) (CLASS ACTION FAIRNESS ACT)**<br><br>Removed from Alameda County Superior Court, Case No. 07347405 |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT defendants AXIOM WORLDWIDE, LLC. and AXIOM WORLDWIDE, INC. (collectively, "Axiom") filed this Notice of Removal of this civil action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441 and § 1453. Axiom demonstrates that this case is properly removable for the following reasons:

1. On September 25, 2007, Axiom was served with a copy of the Summons and Class Action Complaint.[1] This Notice of Removal is therefore timely filed under 28 U.S.C. § 1446(b),

---

[1] As of the date of filing this Notice of Removal, plaintiffs have not effected service of process of the complaint on defendants James Gibson or Nick Exarhos. As a result, neither Mr. Gibson nor Mr. Exarhos are required to join in this

1  having been filed within thirty (30) days of Axiom's receipt of the Complaint. Pursuant to 28 U.S.C.
2  § 1446(a), a copy of the Summons and Complaint are attached hereto as **Exhibit 1**. A copy of all
3  other documents filed in this action in Alameda County Superior Court as of the date of removal are
4  attached hereto as **Exhibit 2**.
5      2.   Plaintiff Tony L. Hoang is a citizen and resident of the State of California. *See*
6  Complt., ¶ 2.
7      3.   Plaintiff Charles C. Strong is a citizen and resident of the State of California. *See*
8  Complt., ¶ 2.
9      4.   Defendant Axiom Worldwide, LLC is a Florida limited liability company with its
10 principal place of business in Tampa, Florida. Axiom Worldwide, LLC has two members, each of
11 which is a citizen of Florida.
12     5.   Defendant James Gibson is a member of Axiom Worldwide LLC. Mr. Gibson is a
13 citizen of Florida.
14     6.   Defendant Nick Exarhos (erroneously sued as Nick Exharos) is a member of Axiom
15 Worldwide LLC. Mr. Exarhos is a citizen of Florida.
16     7.   Defendant Axiom Worldwide, Inc. is a corporation organized under the laws of the
17 State of Florida, with its principal place of business in Tampa, Florida.
18     8.   This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(d)(2), and the
19 action is one that may be removed pursuant to 28 U.S.C. § 1441(b) and § 1453(b); specifically, this
20 is a civil class action, wherein all of the defendants are diverse in citizenship from the named
21 plaintiffs, and the amount in controversy as alleged by plaintiffs exceeds the sum of $5,000,000,
22 exclusive of interest and costs. Among other things, plaintiffs seek on behalf of themselves and the
23 class they purport to represent "restitution of all monies paid to [Axiom]" for spinal decompression
24 machines that plaintiffs purchased from Axiom. According to the Complaint, the spinal

---

26 removal petition. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) *overruled on other*
27 *grounds by Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir.1988) ("a party not served need not be joined"
   in a removal petition); William W. Schwarzer *et al.*, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial p. 2:977 (The Rutter
   Group 2007).
28

---

Hoang, et al. v. Axiom Worldwide, LLC, et al. - NOTICE OF REMOVAL
CASE NO. _____
LIBA/1837868.1

1  decompression machines cost between $95,000 and $125,000 each. Complt., ¶ 9. Plaintiffs allege
2  that "the number of class members is in excess of two hundred," and because each of the class
3  members purport to seek restitution of at least $95,000, the total amount in controversy exceeds
4  $5,000,000 under 28 U.S.C. § 1332(d)(6), and removal is proper.[2]

5      9.    This Court also has subject matter jurisdiction under 28 U.S.C. § 1332(a), and the
6  action is one that may be removed by Axiom pursuant to 28 U.S.C. § 1441(b). This is a civil action
7  where each defendant, and each of its members, are diverse in citizenship from the named plaintiffs.
8  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 931 (9th Cir. 2001) (citizenship of unnamed class members
9  is disregarded for purposes of determining whether diversity jurisdiction exists). As explained
10 above, the matter in controversy as alleged by plaintiffs exceeds the sum of $75,000, exclusive of
11 interest and costs because each of the named plaintiffs seek restitution of at least $95,000 under
12 section 17200 of the California Business and Professions Code. Complt., ¶¶ 9, 16.

13     10.    Removal of this case on the basis of diversity of citizenship is not precluded by
14 28 U.S.C. § 1441(b), because none of the defendants are citizens of the State of California.

15     11.    Pursuant to 28 U.S.C. § 1367, Axiom respectfully requests that the court exercise
16 supplemental jurisdiction over plaintiffs' additional claims for negligent misrepresentation,
17 fraudulent misrepresentation, and negligent supervision. Complt., ¶¶ 20-37.

18     12.    Plaintiffs and the clerk of the Alameda County Superior Court will be properly and
19 timely served with copies of this Notice of Removal and attachments thereto.

---

[2] In stating that the amount in controversy exceeds $5,000,000, Axiom does not concede that such amounts, or any amounts, would be properly awarded.

Hoang, et al. v. Axiom Worldwide, LLC, et al. - NOTICE OF REMOVAL
CASE NO. _____
LIBA/1837868.1

13. Axiom accordingly prays that this Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in the State court in accordance with the law.

Dated: October 25, 2007

GOODWIN PROCTER LLP
Forrest A. Hainline III
Patrick S. Thompson
Susanne N. Geraghty
101 California Street, Suite 1850
San Francisco, California 94111
Telephone: (415) 733-6000
Facsimile: (415) 677-9041

By _____

Attorneys for Defendants AXIOM WORLDWIDE, LLC., AXIOM WORLDWIDE, INC.

Hoang, et al. v. Axiom Worldwide, LLC, et al. - NOTICE OF REMOVAL
CASE NO. _____
LIBA/1837868.1