# Exhibit 1

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Axiom Worldwide, LLC., a Florida corporation; Axiom Worldwide, Inc., a Florida corporation; James Gibson; Nick Exharos; and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Tony L. Hoang and Charles C. Strong, individually and on behalf of all others similarly situated

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
ALAMEDA COUNTY

SEP 2 1 2007

CLERK OF THE SUPERIOR COURT
By _____ Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda Superior Court
1221 Oak Street
Oakland, CA 94612

CASE NUMBER: *(Número del Caso):* RG07347405

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin J. McInerney, Esq.       McInerney & Jones
Kelly McInerney, Esq.           18124 Wedge Parkway, #503   Reno, NV 89511   Ph: (775) 849-3811

**BY FAX**

DATE: SEP 2 1 2007                    Clerk, by _____ PAT S. SWEETEN, Deputy
*(Fecha)*                              *(Secretario)* Executive Officer / Clerk of the Superior Court *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

10569466.tif - 9/20/2007 5:12:36 PM

09/20/2007 16:59   775  9386   MCINERNEY JON

*5907529*

Kevin J. McInerney, Esq., SBN 46941
Kelly McInerney, Esq., SBN 200017
Charles A. Jones, Esq., SBN 224915
**MCINERNEY & JONES**
18124 Wedge Parkway #503
Reno, NV 89511
Telephone:   (775) 849-3811
Facsimile:    (775) 849-3866

*Attorneys for Plaintiff*

FILED
ALAMEDA COUNTY

SEP 2 4 2007

CLERK OF THE SUPERIOR COURT
By _____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

BY FAX

| | |
|---|---|
| TONY L. HOANG and CHARLES C. STRONG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AXIOM WORLDWIDE, LLC., a Florida corporation; AXIOM WORLDWIDE, INC., a Florida corporation; JAMES GIBSON; NICK EXHAROS; and DOES 1-50,<br><br>Defendants. | Case No. 07347405<br><br>CLASS ACTION COMPLAINT FOR<br><br>1.) Violation of Business & Professions Code Section 17200 et seq.<br>2.) Negligent Misrepresentation<br>3.) Fraudulent Misrepresentation<br>4.) Negligent Supervision<br><br>JURY TRIAL REQUESTED |

THIS IS A CLASS ACTION

1. This is a class action brought on behalf of all medical providers who have leased or purchased any of the "spinal decompression" machines manufactured by Axiom Worldwide, LLC. These medical providers include, but are not limited to, chiropractors (DCs), medical doctors (MDs), and doctors of osteopathy (DOs). These individuals are similarly situated under California Code of Civil Procedure §382. Plaintiffs seek to recover the purchase price of the

1
CLASS ACTION COMPLAINT

10569466.tif - 9/20/2007 5:12:36 PM

1. machine, interest paid on lease payments, penalties, interest, punitive damages, and attorney's fees and costs for themselves and all other present and former purchasers similarly situated. The Plaintiffs allege that they and other class members were fraudulently induced to purchase Axiom's "spinal decompression" machines based upon the negligent and fraudulent misrepresentations made by Axiom and its agents, including but not limited to such misrepresentations that the machines were FDA approved, were patented, had an 86% success rate, were based on NASA "space-age" technology, and that the treatments were covered and/or reimbursable by most insurance companies and Medicare.

2. The Plaintiff Dr. Tony L. Hoang is a citizen and resident of the State of California. At all times relevant Dr. Hoang has resided in the County of Monterey. Dr. Hoang purchased one of Axiom's DRX 9000 machines in 2005. The Plaintiff Charles C. Strong is a citizen and resident of the State of California. At all times relevant Dr. Strong has resided in the County of Monterey but has his office in Santa Cruz County. Dr. Strong purchased one of Axiom's DRX 9000 machines in 2005.

3. The Plaintiffs are but two of hundreds of medical providers who, over the past seven years, have purchased or leased spinal decompression machines from Axiom. The Superior Court has jurisdiction because this is a class action which involves hundreds of individuals who were fraudulently induced to purchase these spinal decompression machines based upon Axiom's fraudulent and negligent misrepresentations and the monetary damages sought by Plaintiffs exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial. Venue is proper in Alameda because the Defendants, Axiom Worldwide, LLC. and Axiom Worldwide, Inc., are not licensed with the California

1  Secretary of State to do business in California and thus may be sued in any county in the State of
2  California (*Harmon Easton v. Superior Court of San Diego* (1970) 12 Cal.App.3d 243, 246-
3  247). There is no federal question at issue because the causes of action and remedies relating
4  thereto are based solely on California law and statutes, including the California Business &
5  Professions Code.

8  4.   The Defendants Axiom Worldwide, LLC and Axiom Worldwide, Inc.
9  (hereinafter Axiom) are foreign corporation headquartered in Florida. Neither Axiom
10 Worldwide, LLC nor Axiom Worldwide, Inc. is licensed by the California Secretary of State to
11 do business in California, although Axiom markets its products throughout California and to
12 California medical providers.

15 5.   The Defendant James Gibson is the President and CEO of Axiom. He has
16 personally made many of the representations about the DRX machines, including that they are
17 patented, FDA approved, were developed using space-age technology by NASA, that there is an
18 86% success rate, and that the treatment is reimbursable by most insurance companies and
19 Medicare. Due to his position at Axiom, Jim Gibson is personally liable for the circulation of
20 the misrepresentations that induced the class members to purchase the DRX machines.

23 6.   The Defendant Nick Exharos is the co-founder and the Executive Vice President
24 of Axiom Worldwide. He has personally made many of the representations about the DRX
25 machines, including that they are patented, FDA approved, were developed using space-age
26 technology by NASA, that there is an 86% success rate, and that the treatment is reimbursable
27 by most insurance companies and Medicare. Due to his position at Axiom, Nick Exharos is

personally liable for the circulation of the misrepresentations that induced the class members to purchase the DRX machines.

7. The true names and capacities of Defendants named herein as DOES 1 through 50 inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiffs who therefore sue such Defendants under fictitious names pursuant to California Code of Civil Procedure §474. Plaintiffs are informed and believe, and thereon allege, that these Defendants, DOES 1 through 50, are in some manner or capacity, and to some degree, legally responsible and liable for the wrongs of which Plaintiffs complain. Plaintiffs will amend their complaint to allege the true names and capacities of these DOE Defendants once they are ascertained. On information and belief, Plaintiffs make all allegations contained in this complaint against all Defendants, including DOES 1 through 50, inclusive.

8. At all times herein mentioned, each defendant was an agent, servant, employee and/or joint venturer of each of the remaining Defendants, and was at all times acting within the course and scope of such agency, service, employment, and/or joint venture, and each Defendant has ratified, approved, and authorized the acts of each of the remaining Defendants with full knowledge of said acts.

9. Axiom has marketed its machines throughout the United States and worldwide and has alleged that these "spinal decompression" machines (including but not limited to the DRX9000, the DRX9000C, and the DRX9500) provide a non-surgical alternative to reducing or eliminating back pain. These machines cost, on average, $95,000 to $125,000 each. The Defendants and their agents have conducted seminars to induce medical providers to purchase

their machines. In these communications, Defendants have regularly represented to interested individuals that the machines are FDA approved, are patented, have an 86% success rate, were developed by NASA engineers using space age technology, are able to target specific lumbar and/or cervical discs, and are covered by and/or reimbursable by most insurance companies and Medicare. Along with the seminars, the Defendants and their agents have also distributed video presentations, power point presentations, written materials, and other forms of communications containing the same and similar representations in order to induce medical providers to purchase their machines. For example, Exhibit A contains materials contained in Axiom's 2004 "Marketing & Public Relations Manual" which allege an 86% success rate. Exhibit B, from the same manual, contains materials that allege that the DRX9000 can be used to treat muscle strains, arthritis, fatigue, stress-related conditions, poor circulation, muscle spasms, musculoskeletal disorders, fibromyalgia, sports injuries, chronic pain, and even cellulite, along with herniated or bulging discs, degenerative discs, spinal stenosis, sciatica, acute and chronic low back pain, neck pain, and whiplash! Exhibit C, from the same manual, contains materials that state that treatment is covered by most insurance and that most auto and on-the-job injuries are covered. Exhibit D, from the same manual, contains materials that allege that this is space-age technology discovered by NASA engineers. Exhibit E is a suggested radio script distributed by Axiom to its customers in its "Marketing & Public Relations Manual" that alleges that the DRX9000 is patented and FDA approved.[1] Exhibit F, copyrighted by Axiom in 2005, further leads the reader to believe that the DRX9000 is based on space-age technology with its picture of a rocket ship and the statement, "Our expert team consists of engineers who designed for the

---

[1] Several of the exhibits contain numerous representations such as the 86% success rate, the range of ailments that can be treated, that the treatment is covered by insurance, that the machine is based on space-age technology designed by NASA engineers, and that the machine is patented and FDA approved.

5

**CLASS ACTION COMPLAINT**

1  National Aeronautics and Space Administration (NASA) and the U.S. Department of Defense."[2]
2  Exhibit G, the Axiom Worldwide DRX9000 Users Manual dated January, 2003, alleges that the
3  provider can target specific discs for treatment and that the machine is patented, as well as
4  success rates. Exhibit H, a brochure copyrighted by Axiom in 2001, also includes the alleged
5  success rates.

8  10.  Once an individual purchased one of Axiom's "spinal decompression" machines,
9  either outright or via one of Axiom's financing options, Axiom and its agents provided training
10 on how to use the machine as well as extensive marketing materials. In fact, one of Axiom's
11 key selling points has been that they would provide these extensive marketing materials so that
12 purchasers could quickly recoup the cost of the machine. These marketing materials included
13 sample newspaper ads, sample infomercials, sample TV commercials, sample direct mail
14 marketing, sample radio ads, and other similar mediums. Many of these marketing materials
15 were provided by Axiom's agents, such as Ben Altadonna of Altadonna Communications, Inc.
16 and Back in Action. Many of these marketing materials included the same or similar
17 representations about the machines, including but not limited to that they were FDA approved,
18 had an 86% success rate, were patented, and were designed by NASA engineers using space-age
19 technology. Exhibit I is one such example of a marketing manual provided by Altadonna
20 Communications, Inc., one of Axiom's agents.

24 11.  The Plaintiffs have recently learned that many of the representations made by
25 Axiom and its agents were patently false and unsupported by scientific evidence. In

---

[2] In fact, Axiom had a replica of an astronaut in a space suit prominently displayed in its headquarters in Florida. Its trademark symbol is astronautically designed.

approximately March of 2007, Axiom ceased making many of the misrepresentations about the machines but has now substituted new misleading representations in their place. For example, Axiom's website now declares that it has "space certified technology" in an attempt to convince people that its products are worth buying. See Exhibit J. However, upon closer examination, the only "space certified technology" is a lubricant produced by another company which is used in one part of Axiom's machine. Moreover, one of the articles relied upon by Axiom as its scientific evidence is an article published by NASA for students in grades five through eight titled, "My How You've Grown!" Exhibit K.

12. The Plaintiffs' experience in this case is typical of that of hundreds of individuals in this State who have been fraudulently induced to buy Axiom's machines based upon the negligent and fraudulent misrepresentations made by Axiom and its agents. As a result, the class members have been injured by not only by purchasing the machines for, on average $95,000 to $125,000 apiece, but also by leasing interest and finance charges, money spent on marketing that turned out to be deceptive, treatment charges not being reimbursed by insurance or Medicare, and similar expenditures.

13. This action is well suited for class action treatment because the misrepresentations made by Defendants and their agents are and have been written and/or uniform during the class period. It is alleged that the number of class members is in excess of two hundred, making it impracticable to resolve their claims in any manner other than a class action. The class is defined as all persons in California who have purchased or leased, either individually or though their business, any of the spinal decompression machines manufactured by Axiom.

14. Common issues of fact and law predominate with respect to the claims of the Plaintiffs and the class. Such issues include the relevant period of statute of limitations, whether they were fraudulently induced to purchase Axiom's machines, and whether the Defendants or their agents made negligent and/or fraudulent misrepresentations.

# FIRST CAUSE OF ACTION

## VIOLATION OF BUSINESS & PROFESSIONS CODE §§ 17200 and 17203

15. Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth in detail herein.

16. Defendants have engaged and continue to engage in unfair, fraudulent, and/or unlawful business practices in violation of California Business & Professions Code §§17200 and 17203. These acts and practices constitute a continuing and ongoing unfair, fraudulent, and/or unlawful business activity defined by Business & Professions Code §17200 and justify the issuance of an injunction, restitution, and other equitable relief pursuant to Business and Professions Code §17203.

17. The Defendants' conduct is unfair, fraudulent, and/or unlawful in that it induces individuals to purchase Defendants' machines based on negligent and/or fraudulent misrepresentations and has allowed its agents to distribute similarly negligent and/or fraudulent misrepresentations.

18. As such, Defendants' business practices and acts have been immoral, unethical, oppressive and unscrupulous. Defendants' business practices and acts have been against

established public policy and have been pursued to attain an unjustified monetary advantage for Defendants.

19. By and through their unfair, fraudulent, and/or unlawful business practices described herein, Defendants have obtained unjustified money from Plaintiffs and all persons similarly situated and have deprived Plaintiffs and all persons similarly situated of valuable rights and benefits guaranteed by law, all to their detriment.

## SECOND CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

20. Plaintiffs hereby re-allege the above paragraphs of this complaint and incorporate them by reference as if fully set forth in detail herein.

21. At all times relevant Defendants were under a duty to observe California's laws and to make true and correct representations to their clients and the California public.

22. Defendants have had no reason to believe their varied representations including but not limited to that their machines were patented, FDA approved, had an 86% success rate, were NASA engineered using space age technology, were able to cure the range of ailments alleged, that treatments were covered by and/or reimbursable by most insurance and Medicare, or that the machines were capable of targeting specific discs. These representations are untrue. Nonetheless, Defendants have negligently and continually misrepresented that they were true until recently. This was done by James Gibson, Nick Exharos, and was distributed to Axiom

clients and the California public in written and recorded statements issued by Defendants and Axiom's agents.

23. Plaintiffs and the class, unaware of the falsity of these representations, reasonably relied on Defendants' representations, purchased Axiom's machines and used the marketing materials provided by Defendants and their agents. Plaintiffs did not learn of the inaccuracy of these misrepresentations until recently. Plaintiffs and the class were justified in relying upon Defendants' representations.

24. As a result of the reliance, Plaintiffs and the class were deprived of the purchase price of the machines as well as finance and leasing charges associated with purchasing the machines and now are entitled to compensatory damages, prejudgment interest, statutory penalties, costs and attorney's fees.

25. Plaintiffs allege that a constructive trust must be established to prevent a miscarriage of justice and to prevent Defendants' wrongful retention of Plaintiffs' and class members' monies. The Plaintiffs and the class accordingly ask for an order establishing such a constructive trust on the assets of the Defendants in an amount of at least the monies paid to Defendants or the companies that financed the purchase of Axiom's machines and that this trust be enforced for their benefit.

## THIRD CAUSE OF ACTION

## FRAUDULENT MISREPRESENTATION

26. Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth in detail herein.

27. At all times relevant, Defendants were in a position of superior knowledge and authority. At all times they had expert legal and scientific advice available to them regarding the claims they made regarding Axiom's spinal decompression machines. Defendants had a duty imposed by law to make true and accurate statements regarding their machines. Instead, the true and correct nature of Axiom's spinal decompression machines were concealed by these Defendants and inaccurate misrepresentations were made by Defendants instead. Plaintiffs learned about the misrepresentations made by Defendants regarding Axiom's spinal decompression machines only recently.

28. At all times relevant, Defendants had a duty imposed by law to properly advise their clients and the California public about Axiom's machines. At all times relevant Defendants and their officers and directors had a duty of candor and full disclosure to prospective and current clients and the California public.

29. Defendants and each of them at all times relevant knew that Plaintiffs and the class members were not aware of the misrepresentations. However, Axiom and its officers and regularly represented, by means of recorded and written statements, as well as via their website, that their machines were, for example, patented, FDA approved, had an 86% success rate, were NASA engineered using space age technology, were able to cure the range of ailments alleged,

that treatments were covered by and/or reimbursable by most insurance and Medicare, and that the machines were capable of targeting specific discs. These standardized written and recorded statements and other documents distributed by Defendants and their agents falsely categorized the true nature of Axiom's machines.

30. At all times relevant, Defendants and some of the DOE Defendants represented to Plaintiffs and to the members of the class the representations previously set forth. These representations were made in written, consistent forms to all members of the class. These representations were false but continued throughout the class period, or at least until March of 2007. Such representations were made at times, among others, of recruitment, purchase, and training.

31. The Defendants knowingly and intentionally concealed from Plaintiffs and members of the class the material facts including but not limited to that the machines were not patented, were not FDA approved, did not have an 86% success rate, were not NASA engineered using space age technology, were not able to cure the range of ailments alleged, that treatments were not covered by and/or reimbursable by most insurance and Medicare, and that the machines were not capable of targeting specific discs. Defendants knowingly and intentionally made these misrepresentations to the Plaintiffs and the members of the class to induce them to buy Axiom's spinal decompression machines.

32. Plaintiffs and the class justifiably and reasonably relied upon the false representations of the Defendants and Defendants' agents. As a result, they did not seek compensation until they learned the truth about Axiom's misrepresentations recently.

33. As a result, Plaintiffs and the class were deprived of the purchase price, leasing and financing charges, and advertising costs and are now entitled to compensatory damages, prejudgment interest, statutory penalties, punitive damages, and attorney's fees and costs.

34. Plaintiffs allege that a constructive trust must be established to prevent a miscarriage of justice and to prevent Defendants' wrongful retention of Plaintiff's and class members' monies. The Plaintiffs and the class accordingly ask for an order establishing such a constructive trust on the assets of the Defendants in an amount of at least the monies paid to Defendants or the companies that financed the purchase of Axiom's machines and that this trust be enforced for their benefit.

## FOURTH CAUSE OF ACTION

## NEGLIGENT SUPERVISION

35. Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth in detail herein.

36. At all times relevant the Defendants had a duty to exercise care in the hiring and supervision of their employees and agents, who Defendants knew would be directly or indirectly responsible for making representations about Axiom's DRX machines. That duty of care was owed to the Plaintiffs and to other members of the class. Throughout the class period Defendants failed to exercise such care and hired employees and agents who were not properly qualified, trained or educated. Finally, the Defendants failed to supervise their employees and agents. The result of such failures was that these employees and agents made the same or similar misrepresentations to the Plaintiffs and members of the class.

37. Defendants had a duty and obligation to monitor the communications of its employees and agents with respect to the DRX machines to ensure that they were truthful and accurate. Defendants failed to do so and instead knowingly allowed their agents to pass on misrepresentations to the Plaintiffs and members of the class.

## PRAYER FOR RELIEF

Plaintiffs pray for relief for themselves and all others similarly situated as follows:

1. For restitution of all monies paid to Defendants and/or the companies from which they financed the purchase of Axiom machines;

2. In the alternative, for compensatory damages in an amount to be determined at trial;

3. Punitive or exemplary damages in an amount to be determined at trial;

4. Interest and penalties;

5. Attorney's fees and costs;

6. For such further and other relief as the Court may deem appropriate.

A jury trial is requested.

September 20, 2007

Respectfully submitted,

McInerney & Jones

By: _____
Attorneys For Plaintiffs
And Others Similarly Situated

---

14
**CLASS ACTION COMPLAINT**