GOODWIN PROCTER LLP
Forrest A. Hainline III (State Bar No. 64166)
fhainline@goodwinprocter.com
Patrick S. Thompson (State Bar No. 160804)
pthompson@goodwinprocter.com
Susanne N. Geraghty (State Bar No. 218098)
sgeraghty@goodwinprocter.com
101 California Street, Suite 1850
San Francisco, California 94111
Telephone: (415) 733-6000
Facsimile: (415) 677-9041

Attorneys for Defendant
AXIOM WORLDWIDE, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY L. HOANG and CHARLES C. STRONG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AXIOM WORLDWIDE, LLC., a Florida corporation; AXIOM WORLDWIDE, INC., a Florida corporation; JAMES GIBSON; NICK EXHAROS; and DOES 1-50,<br><br>Defendants. | Case No. C07-5450 MHP<br><br>**AXIOM WORLDWIDE, LLC'S ANSWER TO COMPLAINT** |

AXIOM WORLDWIDE, LLC'S ANSWER TO COMPLAINT
CASE NO. C07-5450 MHP
LIBA/1842644.1

For its answer to plaintiffs' Complaint, defendant Axiom Worldwide, LLC ("Axiom LLC") denies each allegation of the Complaint not specifically admitted, and admits, denies and avers as follows:

## FIRST DEFENSE

1. Axiom LLC avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and on that basis, denies the allegations.

2. Axiom LLC avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 that pertain to plaintiffs' citizenship and/or residence, and on that basis, denies the allegations. Axiom LLC avers that Dr. Tony L. Hoang and Dr. Charles C. Strong each purchased a DRX 9000 machine from Axiom Worldwide, Inc. in 2005. Except as averred, Axiom LLC denies the allegations of paragraph 2.

3. Axiom LLC avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 that pertain to the individuals that plaintiffs purport to represent in this putative class action, and on that basis, denies the allegations. To the extent that the allegations of paragraph 3 state legal conclusions, Axiom LLC avers that no response is required. To the extent that a response is required, Axiom LLC denies the allegations. Axiom LLC denies that plaintiffs' complaint is properly maintained as a class. Except as averred, Axiom LLC denies the allegations of paragraph 3.

4. Axiom LLC avers that it is Florida limited liability company with its principal place of business in Tampa, Florida. Axiom LLC further avers that Axiom Worldwide, Inc. is a Florida corporation with its principal place of business in Tampa, Florida. Axiom LLC admits that it is not licensed to do business in California. Axiom LLC avers that since January 3, 2006, it has been engaged in the manufacture and sale of medical devices, including spinal decompression tables, bone densitometers, laser therapy devices and cervical decompression devices. In January 2006, Axiom LLC began marketing and selling its products in the United States and worldwide. To the extent that any of the allegations pertain to conduct that allegedly occurred before January 3, 2006, Axiom LLC has no knowledge and therefore denies the allegations. Except as admitted or averred, Axiom LLC denies the allegations of paragraph 4.

Goodwin Procter LLP
101 California Street, Suite 1850
San Francisco, California 94111

5. Axiom LLC avers that defendant James Gibson is the President and Chief Executive Officer of Axiom Worldwide, Inc and Axiom LLC. Axiom LLC denies that Mr. Gibson made or caused to be made any misrepresentations about Axiom LLC's spinal decompression machines. Except as averred, Axiom LLC denies the allegations of paragraph 5.

6. Axiom LLC avers that defendant Nick Exarhos (erroneously sued as Nick Exharos) is the co-founder and Executive Vice President of Axiom LLC and Axiom Worldwide, Inc. Axiom LLC denies that Mr. Exarhos made or caused to be made any misrepresentations about Axiom LLC's spinal decompression machines. Except as averred, Axiom LLC denies the allegations of paragraph 6.

7. Axiom LLC avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and on that basis, denies the allegations.

8. Axiom LLC avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and on that basis, denies the allegations.

9. Axiom LLC avers that beginning in January 2006, Axiom LLC began marketing and selling spinal decompression machines in the United States and worldwide. Axiom LLC further admits that its spinal decompression machines, which include the DRX 9000, DRX 9000C, and DRX 9500, provide non-surgical alternatives to reducing or eliminating back pain. Axiom LLC avers that the cost of its spinal decompression devices varies significantly depending on the product purchased. Axiom LLC denies plaintiffs' allegations of the average cost of Axiom LLC's spinal decompression devices. Axiom LLC avers that, beginning January 3, 2006, it marketed and sold spinal decompression machines through, among other things, seminars, video presentations, and/or other communications that seek to educate medical providers about the benefits of spinal decompression machines, and to invite interested medical providers to visit the Axiom factory and to purchase the DRX spinal decompression machines. Axiom LLC avers that, beginning January 3, 2006, the content of seminars, presentations and/or other communications has varied significantly over time depending upon who made the presentation, the timing of the presentation, questions asked at the presentations and other factors unique to the presentations as given. Axiom LLC avers that, subsequent to January 3, 2006, it has stated in some communications to medical providers that

Goodwin Procter LLP
101 California Street, Suite 1850
San Francisco, California 94111

AXIOM WORLDWIDE, LLC'S ANSWER TO COMPLAINT
CASE NO. C07-5450 MHP
LIBA/1842644.1

1  its spinal decompression machines have been cleared by the FDA for marketing, have a patent
2  pending, have employed concepts discovered and analyzed by NASA regarding the effect of
3  antigravity on the spine and that the DRX devices are able to target specific lumbar and/or cervical
4  discs. Axiom LLC avers that, subsequent to January 3, 2006, in a limited number of
5  communications during a limited period of time certain communications may have indicated that the
6  DRX products are FDA cleared or approved, that the products incorporated components that were
7  patented or patent pending, that the DRX products had been successful in treating certain conditions
8  including certain statements that certain success rates were achieved in some instances including an
9  86% success rate, and that engineers having experience and/or training with NASA projects or
10 Department of Defense projects were involved in designing the DRX products. Such statements
11 changed over time and to the extent the allegations in this paragraph are inconsistent with this
12 averment they are denied. Axiom LLC admits that along with seminars, subsequent to January 3,
13 2006, Axiom LLC distributed limited written materials and salespersons made oral presentations to
14 prospective customers. The remaining allegations in this paragraph relating to other materials
15 distributed along with seminars are denied. Axiom LLC denies that the sample marketing materials
16 provided to purchasers after purchase of an Axiom LLC device were used and/or relied upon by
17 purchasers in making purchasing decisions. Instead, Axiom LLC avers that medical providers
18 received a substantial majority of the marketing and sales materials after they purchased spinal
19 decompression machines, and were used by the medical providers to invite prospective patients to
20 inquire about the medical providers' ability to treat back pain. Axiom LLC further denies that it
21 regularly communicated that its spinal decompression materials were covered by and/or
22 reimbursable by most insurance companies and Medicare. Axiom LLC avers that the documents
23 attached to plaintiffs' complaint as Exhibits A-H speak for themselves. Axiom LLC further avers
24 that plaintiffs have mischaracterized the content of the exhibits. Axiom LLC further denies that any
25 statements made in communications to medical providers or that any statements contained in
26 Exhibits A-H are false or misleading. To the extent that any of the allegations pertain to alleged
27 conduct by Axiom LLC before January 3, 2006, Axiom LLC has no knowledge and therefore denies
28 the allegations. Except as admitted or averred, Axiom LLC denies the allegations of paragraph 9.

Goodwin Procter LLP
101 California Street, Suite 1850
San Francisco, California 94111

10.  Axiom LLC admits that it provided training to medical providers on how to use spinal decompression machines. Axiom LLC avers that after January 3, 2006 it, or an independent third party, provided sample marketing materials for medical providers to use after they purchased the spinal decompression machines. Axiom LLC denies that Ben Altadonna, Altadonna Communications, Inc. or Back in Action are Axiom LLC's agents. Axiom LLC avers that the documents attached to plaintiffs' complaint as Exhibit I speak for themselves. Axiom LLC denies that any statements made in its marketing materials are false or misleading. To the extent that any of the allegations pertain to alleged conduct by Axiom LLC before January 3, 2006, Axiom LLC has no knowledge and therefore denies the allegations. Except as admitted or averred, Axiom LLC denies the allegations of paragraph 10.

11.  Axiom LLC avers that the documents attached to plaintiffs' complaint as Exhibit J and K speak for themselves. Except as averred, Axiom LLC denies the allegations of paragraph 11.

12.  Axiom LLC denies the allegations of paragraph 12.

13.  Axiom LLC avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 that pertain to the size of the putative class, and on that basis, denies the allegations. Except as averred, Axiom LLC denies the remaining allegations of paragraph 13.

14.  Axiom LLC denies the allegations of paragraph 14.

15.  Axiom LLC repeats and incorporates its responses to paragraphs 1-14.

16.  Axiom LLC denies the allegations of paragraph 16.

17.  Axiom LLC denies the allegations of paragraph 17.

18.  Axiom LLC denies the allegations of paragraph 18.

19.  Axiom LLC denies the allegations of paragraph 19.

20.  Axiom LLC repeats and incorporates its responses to paragraphs 1-19.

21.  The allegations of paragraph 21 state legal conclusions, and therefore no response is required. To the extent that a response is required, Axiom LLC denies the allegations of paragraph 21.

22.  Axiom LLC denies the allegations of paragraph 22.

Goodwin Procter LLP
101 California Street, Suite 1850
San Francisco, California 94111

1    23.   Axiom LLC denies the allegations of paragraph 23.

2    24.   Axiom LLC denies the allegations of paragraph 24.

3    25.   Axiom LLC denies the allegations of paragraph 25.

4    26.   Axiom LLC repeats and incorporates its responses to paragraphs 1-25.

5    27.   Axiom LLC denies the allegations of paragraph 27.

6    28.   Axiom LLC denies the allegations of paragraph 28.

7    29.   Axiom LLC avers that beginning in January 3, 2006, the content of its marketing materials varied significantly over time. Axiom LLC avers that, subsequent to January 3, 2006, it has stated in some communications to medical providers that its spinal decompression machines have been cleared by the FDA for marketing, have a patent pending, have employed concepts discovered and analyzed by NASA regarding the effect of antigravity on the spine, and that the DRX devices are able to target specific lumbar and/or cervical discs. Axiom LLC avers that in a limited number of communications during a limited period of time certain communications may have indicated that the DRX products were FDA cleared or approved, that the products incorporated components that were patented or patent pending, that the products had been successful in treating certain conditions including certain statements that certain success rates were achieved in some instances including an 86% success rate, and that engineers having experience and/or training with NASA projects or Department of Defense projects were involved in designing the DRX products. Such statements changed over time and to the extent the allegations in this paragraph are inconsistent with this averment they are denied. Axiom LLC denies that it regularly communicated that its spinal decompression materials were covered by and/or reimbursable by most insurance companies and Medicare. Axiom LLC further denies that any statements made in communications to medical providers were false or misleading. To the extent that any of the allegations pertain to alleged conduct by Axiom LLC before January 3, 2006, Axiom LLC has no knowledge and therefore denies the allegations. Except as averred, Axiom LLC denies the allegations of paragraph 29.

30.   Axiom LLC avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 pertaining to unnamed DOE defendants, and

on that basis, denies the allegations. Axiom LLC denies that any statements made in its sales or marketing materials are false or misleading. To the extent that any of the allegations pertain to alleged conduct by Axiom LLC before January 3, 2006, Axiom LLC has no knowledge and therefore denies the allegations. Except as averred, Axiom LLC denies the remaining allegations of paragraph 30.

31. Axiom LLC denies the allegations of paragraph 31.

32. Axiom LLC denies the allegations of paragraph 32.

33. Axiom LLC denies the allegations of paragraph 33.

34. Axiom LLC denies the allegations of paragraph 34.

35. Axiom LLC repeats and incorporates its responses to paragraphs 1-34.

36. The allegations of paragraph 36 state legal conclusions, and therefore no response is required. To the extent that a response is required, Axiom LLC denies the allegations of paragraph 36.

37. Axiom LLC denies the allegations of paragraph 37.

SECOND DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

THIRD DEFENSE

Plaintiffs' claims are barred by the doctrines of laches.

FOURTH DEFENSE

Plaintiffs are estopped from asserting their claims.

FIFTH DEFENSE

Plaintiffs have waived the right to assert their claims. In particular, each of the plaintiffs signed a contract entitled "Terms and Conditions of Sale and/or Services" (the "Agreements") in which they "specifically waive[] any claim, which [plaintiff] or anyone claiming through customer, may now have or may have in the future arising out of any acts by Axiom which are alleged to have been wrongful, negligent, or grossly negligent…."

SIXTH DEFENSE

Venue is not proper in California. In particular, the Agreements between plaintiffs and

AXIOM WORLDWIDE, LLC'S ANSWER TO COMPLAINT
CASE NO. C07-5450 MHP
LIBA/1842644.1

Axiom Worldwide, Inc. state that any and all legal proceedings arising out of the sale or service or proposed sale of any product or service by Axiom, since inception of plaintiffs' relationship with Axiom, "shall have venue proper in the courts of Hillsborough County, Florida...."

### SEVENTH DEFENSE

Plaintiffs have not mitigated their damages, if any.

### EIGHTH DEFENSE

Plaintiffs' claims have been brought in bad faith.

### NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

### TENTH DEFENSE

If plaintiffs did sustain injuries as alleged in the Complaint, which Axiom LLC specifically denies, such injuries were caused in whole or in part, or were contributed to by reason of the acts, omissions, wrongs, carelessness, negligence, want of care and/or culpable conduct of some other entity(ies), its (their) agent(s), servant(s) or employee(s), over whom Axiom LLC had no control and for whose conduct Axiom LLC was not responsible or liable, and not because of any of Axiom LLC's acts, wrongs, omissions, carelessness, negligence, want of care, or culpable conduct.

### ELEVENTH DEFENSE

If plaintiffs did sustain injuries as alleged in the Complaint, which Axiom LLC specifically denies, such injuries were caused in whole or in part, from an intervening cause and/or causes, and any action on the part of Axiom LLC was not the proximate and/or competent producing cause of plaintiffs' alleged injuries.

### TWELFTH DEFENSE

The imposition of punitive or exemplary damages against Axiom LLC would violate Axiom LLC's rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and similar provisions in the Constitutions in the states in which the plaintiffs resided or the alleged injuries occurred

### THIRTEENTH DEFENSE

The damages claimed by plaintiffs are too speculative to be permitted.

Goodwin Procter LLP
101 California Street, Suite 1850
San Francisco, California 94111

## FOURTEENTH DEFENSE

Axiom LLC reserves the right to raise further additional defense as may be available upon the facts to be developed in discovery and under applicable substantive law.

WHEREFORE, Axiom LLC prays that the Court:

1. Dismiss plaintiffs' claims with prejudice;
2. Award nothing to plaintiffs in the form of restitution, compensatory damages, punitive or exemplary damages, interest, or penalties;
3. Deny plaintiffs' claims for attorneys' fees and costs; and,
4. Award Axiom LLC its costs of suit, its attorneys' fees, and such other relief as may be just and appropriate.

Dated: November 1, 2007

GOODWIN PROCTER LLP
Forrest A. Hainline III
Patrick S. Thompson
Susanne N. Geraghty
101 California Street, Suite 1850
San Francisco, California 94111

By _[signature]_

Attorneys for Defendant
AXIOM WORLDWIDE, LLC

---

AXIOM WORLDWIDE, LLC'S ANSWER TO COMPLAINT
CASE NO. C07-5450 MHP
LIBA/1842644.1