GOODWIN PROCTER LLP
Forrest A. Hainline III (State Bar No. 64166)
fhainline@goodwinprocter.com
Patrick S. Thompson (State Bar No. 160804)
pthompson@goodwinprocter.com
Susanne N. Geraghty (State Bar No. 218098)
sgeraghty@goodwinprocter.com
101 California Street, Suite 1850
San Francisco, California 94111
Telephone: (415) 733-6000
Facsimile: (415) 677-9041

Attorneys for Defendant
AXIOM WORLDWIDE, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY L. HOANG and CHARLES C. STRONG, individually and on behalf of all others similarly situated,<br><br>　　　　　*Plaintiffs,*<br><br>v.<br><br>AXIOM WORLDWIDE, LLC., a Florida corporation; AXIOM WORLDWIDE, INC., a Florida corporation; JAMES GIBSON; NICK EXHAROS; and DOES 1-50,<br><br>　　　　　*Defendants.* | Case No. C07-5450 MHP<br><br>**AXIOM WORLDWIDE, INC.'S ANSWER TO COMPLAINT** |

For its answer to plaintiffs' Complaint, defendant Axiom Worldwide, Inc. ("Axiom Inc.") denies each allegation of the Complaint not specifically admitted, and admits, denies and avers as follows:

### FIRST DEFENSE

1. Axiom Inc. avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and on that basis, denies the allegations.

2. Axiom Inc. avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 that pertain to plaintiffs' citizenship and/or residence, and on that basis, denies the allegations. Axiom Inc. admits that Dr. Tony L. Hoang and Dr. Charles C. Strong each purchased a DRX 9000 machine from Axiom Inc. in 2005. Except as averred or admitted, Axiom Inc. denies the allegations of paragraph 2.

3. Axiom Inc. avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 that pertain to the individuals that plaintiffs purport to represent in this putative class action, and on that basis, denies the allegations. To the extent that the allegations of paragraph 3 state legal conclusions, Axiom Inc. avers that no response is required. To the extent that a response is required, Axiom Inc. denies the allegations. Axiom Inc. denies that plaintiffs' complaint is properly maintained as a class. Except as averred, Axiom Inc. denies the allegations of paragraph 3.

4. Axiom Inc. avers that it is a Florida corporation with its principal place of business in Tampa, Florida. Axiom Inc. further avers that Axiom Worldwide, LLC is a Florida limited liability company with its principal place of business in Tampa, Florida. Axiom Inc. admits that it is not licensed to do business in California. Axiom Inc. further avers that prior to January 3, 2006 it had been, engaged in the manufacture and sale of medical devices, including spinal decompression tables, bone densitometers, laser therapy devices and cervical decompression devices. Prior to January 3, 2006, Axiom Inc. marketed and sold medical products in the United States and worldwide. Except as admitted or averred, Axiom Inc. denies the allegations of paragraph 4.

5. Axiom Inc. avers that defendant James Gibson is the President and Chief Executive Officer of Axiom Inc. and Axiom Worldwide, LLC. Axiom Inc. denies that Mr. Gibson made or

Goodwin Procter LLP
101 California Street, Suite 1850
San Francisco, California 94111

1  caused to be made any misrepresentations about the DRX spinal decompression machines. Except
2  as averred, Axiom Inc. denies the remaining allegations of paragraph 5.
3      6.    Axiom Inc. avers that defendant Nick Exarhos (erroneously sued as Nick Exharos) is
4  the co-founder and Executive Vice President of Axiom Inc. and Axiom Worldwide, LLC. Axiom
5  Inc. denies that Mr. Exarhos made or caused to be made any misrepresentations about the DRX
6  spinal decompression machines. Except as averred, Axiom Inc. denies the allegations of paragraph
7  6.
8      7.    Axiom Inc. avers that it is without knowledge or information sufficient to form a
9  belief as to the truth of the allegations of paragraph 7, and on that basis, denies the allegations.
10     8.    Axiom Inc. avers that it is without knowledge or information sufficient to form a
11 belief as to the truth of the allegations of paragraph 8, and on that basis, denies the allegations.
12     9.    Axiom Inc. admits that, prior to January 3, 2006, it marketed and sold spinal
13 decompression machines in the United States and worldwide. Axiom Inc. further admits that the
14 spinal decompression machines, which include the DRX 9000, DRX 9000C, and DRX 9500,
15 provide non-surgical alternatives to reducing or eliminating back pain. Axiom Inc. avers that the
16 cost of its spinal decompression devices varies significantly depending on the product purchased.
17 Axiom Inc. denies plaintiffs' allegations of the average cost of Axiom Inc. spinal decompression
18 devices. Axiom Inc. avers that, prior to January 3, 2006, it marketed and sold spinal decompression
19 machines through, among other things, seminars, video presentations, and/or other communications
20 that seek to educate medical providers about the benefits of the DRX spinal decompression
21 machines, and to invite interested medical providers to visit the Axiom factory and to purchase
22 spinal decompression machines. Axiom Inc. avers that the content of seminars, presentations and/or
23 other communications has varied significantly over time depending upon who made the presentation,
24 the timing of the presentation, questions asked at the presentations and other factors unique to the
25 presentations as given. Axiom Inc. avers that it has stated in some communications to medical
26 providers that the DRX spinal decompression machines have been cleared by the FDA for
27 marketing, have a patent pending, have employed concepts discovered and analyzed by NASA
28 regarding the effect of antigravity on the spine and that the devices are able to target specific lumbar

Goodwin Procter LLP
101 California Street, Suite 1850
San Francisco, California 94111

AXIOM WORLDWIDE, INC.'S ANSWER TO COMPLAINT
CASE NO. C07-5450 MHP
LIBA/1842662.1

1  and/or cervical discs. Axiom Inc. avers that, prior to January 3, 2006, in a limited number of
2  communications during a limited period of time, certain communications may have indicated that a
3  product was FDA cleared or approved, that the DRX products incorporated components that were
4  patented or patent pending, that the products had been successful in treating certain conditions
5  including certain statements that certain success rates were achieved in some instances including an
6  86% success rate, and that engineers having experience and/or training with NASA projects or
7  Department of Defense projects were involved in designing the DRX 9000 products. Such
8  statements changed over time and to the extent the allegations in this paragraph are inconsistent with
9  this averment they are denied. Axiom Inc. admits that along with seminars Axiom Inc. distributed
10 limited written materials and salespersons made oral presentations to prospective customers. The
11 remaining allegations in this paragraph relating to other materials distributed along with seminars are
12 denied. Axiom Inc. denies that the sample marketing materials provided to purchasers after
13 purchase of an Axiom Inc. device were used and/or relied upon by purchasers in making purchasing
14 decisions. Instead, Axiom Inc. avers that medical providers received a substantial majority of the
15 marketing and sales materials after they purchased spinal decompression machines, and were used
16 by the medical providers to invite prospective patients to inquire about the medical providers' ability
17 to treat back pain. Axiom Inc. further denies that it regularly communicated that the spinal
18 decompression products were covered by and/or reimbursable by most insurance companies and
19 Medicare. Axiom Inc. avers that the documents attached to plaintiffs' complaint as Exhibits A-H
20 speak for themselves. Axiom Inc. further avers that plaintiffs have mischaracterized the content of
21 the exhibits. Axiom Inc. further denies that any statements made in communications to medical
22 providers or that any statements contained in Exhibits A-H are false or misleading. Except as
23 admitted or averred, Axiom Inc. denies the remaining allegations of paragraph 9.
24      10.    Axiom Inc. admits that it provided training to medical providers on how to use the
25 DRX spinal decompression machines. Axiom Inc. avers that it, or an independent third party,
26 provided sample marketing materials for medical providers to use after they purchased a spinal
27 decompression machine. Axiom Inc. denies that Ben Altadonna, Altadonna Communications, Inc.
28 or Back in Action are Axiom Inc.'s agents. Axiom Inc. avers that the documents attached to

1  plaintiffs' complaint as Exhibit I speak for themselves. Axiom Inc. denies that any statements made in its marketing materials are false or misleading. Except as admitted or averred, Axiom Inc. denies the allegations of paragraph 10.

11.  Axiom Inc. avers that the documents attached to plaintiffs' complaint as Exhibit J and K speak for themselves. Except as averred, Axiom Inc. denies the allegations of paragraph 11.

12.  Axiom Inc. denies the allegations of paragraph 12.

13.  Axiom Inc. avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 that pertain to the size of the putative class, and on that basis, denies the allegations. Except as averred, Axiom Inc. denies the remaining allegations of paragraph 13.

14.  Axiom Inc. denies the allegations of paragraph 14.

15.  Axiom Inc. repeats and incorporates its responses to paragraphs 1-14.

16.  Axiom Inc. denies the allegations of paragraph 16.

17.  Axiom Inc. denies the allegations of paragraph 17.

18.  Axiom Inc. denies the allegations of paragraph 18.

19.  Axiom Inc. denies the allegations of paragraph 19.

20.  Axiom Inc. repeats and incorporates its responses to paragraphs 1-19.

21.  The allegations of paragraph 21 state legal conclusions, and therefore no response is required. To the extent that a response is required, Axiom Inc. denies the allegations of paragraph 21.

22.  Axiom Inc. denies the allegations of paragraph 22.

23.  Axiom Inc. denies the allegations of paragraph 23.

24.  Axiom Inc. denies the allegations of paragraph 24.

25.  Axiom Inc. denies the allegations of paragraph 25.

26.  Axiom Inc. repeats and incorporates its responses to paragraphs 1-25.

27.  Axiom Inc. denies the allegations of paragraph 27.

28.  Axiom Inc. denies the allegations of paragraph 28.

29.  Axiom Inc. avers that prior to January 3, 2006, that the content of its marketing

Goodwin Procter LLP
101 California Street, Suite 1850
San Francisco, California 94111

1   materials varied significantly over time. Axiom Inc. avers that, prior to January 3, 2006, it stated in
2   some communications to medical providers that the spinal decompression machines have been
3   cleared by the FDA for marketing, have a patent pending, have employed concepts discovered and
4   analyzed by NASA regarding the effect of antigravity on the spine, and that the DRX devices are
5   able to target specific lumbar and/or cervical discs. Axiom Inc. avers that in a limited number of
6   communications during a limited period of time, certain communications may have indicated that the
7   DRX products were FDA cleared or approved, that the products incorporated components that were
8   patented or patent pending, that the products had been successful in treating certain conditions
9   including certain statements that certain success rates were achieved in some instances including an
10  86% success rate, and that engineers having experience and/or training with NASA projects or
11  Department of Defense projects were involved in designing the DRX products. Such statements
12  changed over time and to the extent the allegations in this paragraph are inconsistent with this
13  averment they are denied. Axiom Inc. denies that it regularly communicated that its spinal
14  decompression materials were covered by and/or reimbursable by most insurance companies and
15  Medicare. Axiom Inc. further denies that any statements made in communications to medical
16  providers were false or misleading. To the extent that any of the allegations pertain to alleged
17  conduct by Axiom Inc. after January 3, 2006, Axiom Inc. denies the allegations. Except as averred,
18  Axiom Inc. denies the allegations of paragraph 29.
19      30.   Axiom Inc. avers that it is without knowledge or information sufficient to form a
20  belief as to the truth of the allegations of paragraph 30 pertaining to unnamed DOE defendants, and
21  on that basis, denies the allegations. Axiom Inc. denies that any statements made in its sales or
22  marketing materials are false or misleading. Except as averred, Axiom Inc. denies the remaining
23  allegations of paragraph 30.
24      31.   Axiom Inc. denies the allegations of paragraph 31.
25      32.   Axiom Inc. denies the allegations of paragraph 32.
26      33.   Axiom Inc. denies the allegations of paragraph 33.
27      34.   Axiom Inc. denies the allegations of paragraph 34.
28      35.   Axiom Inc. repeats and incorporates its responses to paragraphs 1-34.

Goodwin Procter LLP
101 California Street, Suite 1850
San Francisco, California 94111

36. The allegations of paragraph 36 state legal conclusions, and therefore no response is required. To the extent that a response is required, Axiom Inc. denies the allegations of paragraph 36.

37. Axiom Inc. denies the allegations of paragraph 37.

### SECOND DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiffs' claims are barred by the doctrines of laches.

### FOURTH DEFENSE

Plaintiffs are estopped from asserting their claims.

### FIFTH DEFENSE

Plaintiffs have waived the right to assert their claims. In particular, each of the plaintiffs signed a contract with Axiom Inc. entitled "Terms and Conditions of Sale and/or Services" (the "Agreements") in which they "specifically waive[] any claim, which [plaintiff] or anyone claiming through customer, may now have or may have in the future arising out of any acts by Axiom which are alleged to have been wrongful, negligent, or grossly negligent...."

### SIXTH DEFENSE

Venue is not proper in California. In particular, the Agreements between plaintiffs and Axiom Inc. state that any and all legal proceedings arising out of the sale or service or proposed sale of any product or service by Axiom, since inception of plaintiffs' relationship with Axiom, "shall have venue proper in the courts of Hillsborough County, Florida...."

### SEVENTH DEFENSE

Plaintiffs have not mitigated their damages, if any.

### EIGHTH DEFENSE

Plaintiffs' claims have been brought in bad faith.

### NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

Goodwin Procter LLP
101 California Street, Suite 1850
San Francisco, California 94111

## TENTH DEFENSE

If plaintiffs did sustain injuries as alleged in the Complaint, which Axiom Inc. specifically denies, such injuries were caused in whole or in part, or were contributed to by reason of the acts, omissions, wrongs, carelessness, negligence, want of care and/or culpable conduct of some other entity(ies), its (their) agent(s), servant(s) or employee(s), over whom Axiom Inc. had no control and for whose conduct Axiom Inc. was not responsible or liable, and not because of any of Axiom Inc.'s acts, wrongs, omissions, carelessness, negligence, want of care, or culpable conduct.

## ELEVENTH DEFENSE

If plaintiffs did sustain injuries as alleged in the Complaint, which Axiom Inc. specifically denies, such injuries were caused in whole or in part, from an intervening cause and/or causes, and any action on the part of Axiom Inc. was not the proximate and/or competent producing cause of plaintiffs' alleged injuries.

## TWELFTH DEFENSE

The imposition of punitive or exemplary damages against Axiom Inc. would violate Axiom Inc.'s rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and similar provisions in the Constitutions in the states in which the plaintiffs resided or the alleged injuries occurred

## THIRTEENTH DEFENSE

The damages claimed by plaintiffs are too speculative to be permitted.

## FOURTEENTH DEFENSE

Axiom Inc. reserves the right to raise further additional defense as may be available upon the facts to be developed in discovery and under applicable substantive law.

WHEREFORE, Axiom Inc. prays that the Court:

1. Dismiss plaintiffs' claims with prejudice;
2. Award nothing to plaintiffs in the form of restitution, compensatory damages, punitive or exemplary damages, interest, or penalties;
3. Deny plaintiffs' claims for attorneys' fees and costs; and,
4. Award Axiom Inc. its costs of suit, its attorneys' fees, and such other relief as may be

Goodwin Procter LLP
101 California Street, Suite 1850
San Francisco, California 94111

1 | just and appropriate.

2 | Dated: November 1, 2007

GOODWIN PROCTER LLP
Forrest A. Hainline III
Patrick S. Thompson
Susanne N. Geraghty
101 California Street, Suite 1850
San Francisco, California 94111

By _____

Attorneys for Defendant
AXIOM WORLDWIDE, INC.

Goodwin Procter LLP
101 California Street, Suite 1850
San Francisco, California 94111

AXIOM WORLDWIDE, INC.'S ANSWER TO COMPLAINT
CASE NO. C07-5450 MHP
LIBA/1842662.1