```
 1  Kevin J. McInerney, Esq., SBN 46941
    Kelly McInerney, Esq., SBN 200017
 2  Charles A. Jones, Esq., SBN 224915
    McINERNEY & JONES
 3  18124 Wedge Parkway #503
    Reno, NV 89511
 4  Telephone:    (775) 849-3811
    Facsimile:    (775) 849-3866
 5
    Attorneys for Plaintiffs
 6
    Forrest A. Hainline III, Esq., SBN 64166
 7  Patrick S. Thompson, Esq., SBN 160804
    Susanne N. Geraghty, Esq., SBN 218098
 8  Elizabeth F. Stone, Esq., SBN 239285
    GOODWIN PROCTER, LLP
 9  101 California Street, Suite 1850
    San Francisco, CA 94111
10  Telephone:    (415) 733-6000
    Facsimile:    (415) 677-9041
11
    Attorneys for Defendants Axiom
12  Worldwide, Inc. and Axiom Worldwide, LLC
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| TONY L. HOANG and CHARLES C. STRONG, individually and on behalf of all others similarly situated, | Case No. C07-5450 MHP |
|---|---|
| Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | Before: Judge Marilyn H. Patel<br>Courtroom: 18<br>Hearing Date: February 4, 2008<br>Hearing Time: 4:00 p.m. |
| AXIOM WORLDWIDE, LLC, a Florida corporation; AXIOM WORLDWIDE, INC., a Florida corporation; JAMES GIBSON; NICK EXHAROS; and DOES 1-50,, | |
| Defendants. | |

1.   **Jurisdiction and Service**

Plaintiffs originally filed their complaint in state court and defendants Axiom Worldwide, LLC and Axiom Worldwide, Inc. (collectively, "Axiom") removed the action under diversity and CAFA. At the time Axiom removed this matter, neither of the individually named defendants had been served, and therefore did not join in the removal. Plaintiffs are not aware of any issues regarding personal jurisdiction or venue. Axiom is not aware of any issues regarding personal jurisdiction as to the defendants that have been served.

To date, plaintiffs have not served the two individually named defendants, James Gibson and Nick Exarhos (erroneously sued as Nick Exharos). On January 23, 2008, plaintiffs' counsel contacted Axiom's counsel to ask them to accept service on behalf of the two individually named defendants, if they will be representing them. If Axiom's counsel will not be representing Gibson and Exarhos or will not accept service on their behalf, plaintiffs intend to effect service within one month. As of the date of filing this Report, counsel for Axiom is still in the process of determining whether they will be able to accept service on behalf of the individually named defendants.

2.   **Facts**

Plaintiffs brought this class action on behalf of all medical providers in California who at any time in the past seven years have leased or purchased any of the "spinal decompression" machines manufactured by Axiom. These medical providers include, but are not limited to, chiropractors (DCs), medical doctors (MDs), and doctors of osteopathy (DOs). The plaintiffs allege that they and other class members were fraudulently induced to purchase Axiom's "spinal decompression" machines based upon the negligent and fraudulent misrepresentations made by Axiom and its agents, including but not limited to such misrepresentations that the machines were FDA approved, were patented, had a 86% success rate, were based on NASA "space-age" technology, and that the treatments were covered and/or reimbursable by most insurance companies and Medicare.

Axiom denies the allegations of the complaint, and denies that this action is properly maintained as a class action. Axiom did not make any false or misleading statements in

1. connection with the sale of its spinal decompression machines to putative class members in California. Plaintiffs and the class they purport to represent received a substantial majority of the allegedly false marketing and sales materials referenced in the complaint after they purchased Axiom's spinal decompression machines. In addition, many of the allegedly false or misleading advertising and marketing materials were provided to members of the putative class by Ben Altadonna, or entities know as Altadonna Communications, Inc., and Back in Action. Neither Mr. Altadonna, Altadonna Communications, Inc. nor Back in Action are Axiom's agents.

3.  Legal Issues

Plaintiffs have sued for violations of Business & Professions Code section 17200 et seq., negligent misrepresentation, fraudulent misrepresentation, and negligent supervision. Axiom does not believe that this case is properly maintained as a class action due to the absence of common issues of law and fact. In addition, Axiom maintains that the Sales Invoices signed by each of the named plaintiffs states that Florida law applies to "[a]ny and all litigation arising out of the sale or service or proposed sale of any product or service by Axiom, since inception of Customer's relationship with Axiom…." Based on this language, Axiom maintains that Florida law will govern plaintiffs' common law contract and tort claims.

4.  Motions

There have been no motions made to date and there are no currently pending motions. Plaintiffs anticipate that some discovery motions may be necessary and will be filing their motion for class certification, as discussed in Section 9, below. Axiom intends to oppose plaintiffs' motion for class certification and to move for summary judgment. Axiom may also move to transfer this matter to Florida pursuant to the forum selection clause contained in the Sales Invoices signed by each of the named plaintiffs.

5.  Amendment of Pleadings

It is possible that plaintiffs may amend their complaint to add certain of defendants' agents and/or representatives as co-defendants, if discovery proves this to be necessary. Plaintiffs would anticipate making such amendments, if necessary, within six months.

///

6. <u>Evidence Presentation</u>

The parties have taken all steps necessary to preserve evidence relevant to this litigation. Plaintiffs request that Axiom preserve copies of all marketing materials, manuals, etc. in whatever form provided to any prospective purchaser or actual purchasers during the class period regarding the DRX machines, whether by defendants or by defendants' agents or representatives.

7. <u>Disclosures</u>

Axiom requested, and plaintiffs have agreed, to a ten day extension of time to February 7, 2008, to exchange initial disclosures pursuant to Fed. R. Civ. P. 26.

8. <u>Discovery</u>

No discovery has been taken to date. Plaintiffs anticipate serving written discovery and taking several depositions pursuant to Fed. R. Civ. P. 30(b)(6), the depositions of the individually named defendants, and possibly the depositions of some of Axiom's agents and/or representatives. Axiom intends to serve written discovery and depose the named plaintiffs, as well as Mr. Altadonna. The parties propose that the court limit pre-certification discovery to class issues only. If the motion for class certification is granted, the parties propose that the parties proceed to conduct discovery on the merits.

Plaintiffs also propose a reasonable extension of the limitations on the amount of written discovery in light of the fact that this action has been filed as a class action. Plaintiffs will seek the names and contact information of all putative class members as well as all percipient witnesses and will make a motion, if the parties are unable to agree via stipulation. Axiom maintains that it is premature to grant plaintiffs leave to serve more written discovery than permitted under the Federal Rules.

9. <u>Class Action</u>

This case has been filed as a class action. Plaintiffs anticipate filing their Motion for Class Certification by October 2008. Defendants do not object to an October 2008 deadline for plaintiffs to move for class certification.

10. <u>Related Cases</u>

The parties are unaware of any related cases.

11. <u>Relief</u>

The complaint seeks to recover on behalf of the plaintiffs the purchase price of the DRX machines, interest paid on lease payments, penalties, interest, punitive damages, and attorney's fees and costs for themselves and all other present and former purchasers similarly situated. The DRX machines cost on average, $95,000 to $125,000 each. Plaintiffs are unaware of the actual number of medical providers who have purchased or leased the defendants' DRX machines in California to date but estimate the number to be approximately two hundred (200).

12. <u>Settlement and ADR</u>

The parties have agreed to mediate the case before a JAMS mediator within 90 days after the Court's ruling on Plaintiffs' Motion for Class Certification.

13. <u>Consent to Magistrate Judge For All Purposes</u>

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. <u>Other References</u>

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

15. <u>Narrowing of Issues</u>

Plaintiffs are unaware of any issues that can be narrowed by agreement or by motion at this time. Axiom anticipates that some issues may be narrowed through an early motion for summary judgment. The parties propose to bifurcate the trial on liability and damages.

16. <u>Expedited Schedule</u>

The parties do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>

The parties believe that it is premature to establish deadlines for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial. Instead, the parties propose that the Court set a deadline for plaintiffs to move for class certification and hold a further case management conference following a ruling on plaintiffs' motion to set remaining pre-trial and

trial dates.

18. <u>Trial</u>

Plaintiffs and Axiom have requested a jury trial. Plaintiffs believe that the trial should not take more than three weeks if representative sampling is used. Axiom does not anticipate that the trial will take more than seven days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

The parties have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. The parties are unaware of any non-party interested entities or persons.

Dated: January 28, 2008

GOODWIN PROCTER LLP
Forrest A. Hainline III
Patrick S. Thompson
Susanne N. Geraghty
Elizabeth F. Stone

By _____/s/_____
Defendants Axiom Worldwide, LLC and Axiom Worldwide, Inc.

Dated: January 28, 2008

MCINERNEY & JONES
Kevin J. McInerney
Kelly McInerney
Charles A. Jones

By _____/s/_____

Attorneys for Plaintiffs