**GOODWIN PROCTER LLP**
Forrest A. Hainline III, Esq., SBN 64166
Patrick S. Thompson, Esq., SBN 160804
Susanne N. Geraghty, Esq., SBN 218098
Elizabeth F. Stone, Esq., SBN 239285
Three Embarcadero Center, 24th Floor
San Francisco, CA 94111
Telephone:    (415) 733-6000
Facsimile:    (415) 677-9041

*Attorneys for Defendants Axiom Worldwide, Inc. and Axiom Worldwide, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY L. HOANG and CHARLES C. STRONG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AXIOM WORLDWIDE, LLC, a Florida corporation; AXIOM WORLDWIDE, INC., a Florida corporation; JAMES GIBSON; NICK EXHAROS; and DOES 1-50,<br><br>Defendants. | Case No. C07-5450 MHP<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

Plaintiffs Tony L. Hoang and Charles C. Strong ("plaintiffs") and defendants Axiom Worldwide, Inc. and Axiom Worldwide, LLC (collectively, "Axiom") stipulate as follows:

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge that Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

The parties further stipulate and agree that CONFIDENTIAL INFORMATION, CONFIDENTIAL COUNSEL ONLY INFORMATION, and PRIVILEGED INFORMATION shall be disclosed only as follows:

1. Two designations of documents or things may receive the protection of this Order: (1) those designated CONFIDENTIAL INFORMATION and (2) those designated CONFIDENTIAL COUNSEL ONLY INFORMATION.  No party or individual may use any materials labeled with either designation except for this case and in accordance with the terms of this Agreement.  In addition, this Agreement governs the production of PRIVILEGED INFORMATION.

2. CONFIDENTIAL INFORMATION means material that contains a trade secret or confidential research, development and other competitively sensitive commercial information that has not been disclosed to the public. CONFIDENTIAL COUNSEL ONLY INFORMATION means material that is CONFIDENTIAL INFORMATION and that is particularly competitively sensitive, including but not limited to undisclosed business plans of any kind and financial

2

information that has not been publicly reported. PRIVILEGED INFORMATION means material covered by the attorney-client or work product privileges.

3. The Parties may designate any information as CONFIDENTIAL INFORMATION by stamping "CONFIDENTIAL INFORMATION" upon the face of a document containing CONFIDENTIAL INFORMATION, or by specifying that any deposition or trial testimony contains CONFIDENTIAL INFORMATION.

4. The Parties may designate any information as CONFIDENTIAL COUNSEL ONLY INFORMATION by stamping "CONFIDENTIAL COUNSEL ONLY INFORMATION" upon the face of a document containing CONFIDENTIAL COUNSEL ONLY INFORMATION, or by specifying that any deposition or trial testimony contains CONFIDENTIAL COUNSEL ONLY INFORMATION.

5. In the event that the producing person discovers, after producing any documents or information, that it has inadvertently produced information that was not designated as CONFIDENTIAL INFORMATION or CONFIDENTIAL COUNSEL ONLY INFORMATION but should have been, the producing person may correct the error by written notice specifically identifying the designated information. Upon receipt of a written notice concerning inadvertent production of CONFIDENTIAL INFORMATION or CONFIDENTIAL COUNSEL ONLY INFORMATION, the parties shall treat the information as CONFIDENTIAL INFORMATION or CONFIDENTIAL COUNSEL ONLY INFORMATION under the terms of this Agreement.

6. Where a requested document is withheld under a claim that it contains PRIVILEGED INFORMATION, counsel for the person making the claim will specify in a writing served upon opposing counsel: (a) the type of document, e.g., letter or memorandum; (b) the general subject matter of the document; (c) the date of the document; and (d) such other information as is sufficient to identify the document for a subpoena duces tecum, including the author of the document, the addressees of the document and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees and recipients to each other.

7. In the event that any producing person discovers that it has inadvertently produced PRIVILEGED INFORMATION, the producing party may correct that error at any time by written notice specifically identifying the privileged information that was inadvertently produced. Upon receipt of a written notice concerning inadvertent production of PRIVILEGED INFORMATION, the receiving person shall return to the producing person the originals and all copies of the PRIVILEGED INFORMATION, and will confirm that all references to the PRIVILEGED INFORMATION in any work product material will be destroyed.

8. CONFIDENTIAL INFORMATION shall be used for purposes of this case only, and shall not be disclosed to anyone except a QUALIFIED PERSON, as defined in ¶ 10 below. With the exception of the Court and its staff, stenographic reporters of deposition or trial testimony in this case, and attorneys of record, CONFIDENTIAL INFORMATION may not be disclosed to any QUALIFIED PERSON until such person has signed a copy of this Agreement and has agreed to be bound by its terms.

9. CONFIDENTIAL COUNSEL ONLY INFORMATION shall be used for purposes of this case only, and shall not be disclosed to anyone except a SPECIALLY QUALIFIED PERSON, as defined in ¶ 11 below. With the exception of the Court and its staff, stenographic reporters of deposition or trial testimony in this case, and attorneys of record, CONFIDENTIAL COUNSEL ONLY INFORMATION may not be disclosed to any SPECIALLY QUALIFIED PERSON until such person has signed a copy of this Agreement and has agreed to be bound by its terms.

10. A "QUALIFIED PERSON" is:
   a. Axiom and plaintiffs;
   b. Attorneys of record and their respective staffs;
   c. Each expert, consultant or advisor retained by attorneys of record to assist them in the preparation of the case;
   d. A witness at deposition or the trial and a witness's counsel, in connection with testimony given in this case;

        e.      A stenographic reporter of deposition or trial testimony in this case; and

        f.      The Court and its staff.

11.    A "SPECIALLY QUALIFIED PERSON" is:

        a.      An attorney of record;

        b.      An expert, consultant or advisor retained by attorneys of record to assist them in the preparation of the case;

        c.      A witness at deposition or the trial and a witness's counsel, in connection with testimony given in this case, where opposing counsel has been given advance notice and the opportunity to object;

        d.      Stenographic reporters of deposition or trial testimony in this case; and

        e.      The Court and its staff.

12.    A party may disclose its own CONFIDENTIAL INFORMATION or CONFIDENTIAL COUNSEL ONLY INFORMATION to any person.  However, the extent of such disclosure may affect the continuing confidentiality of such information.

13.    Any transcript, pleading, or other paper containing CONFIDENTIAL INFORMATION shall be clearly marked "CONTAINS CONFIDENTIAL INFORMATION." Any document submitted to the Court that contains CONFIDENTIAL INFORMATION must comply with Civil Local Rule 79-5.

14.    Any transcript, pleading, or other paper containing CONFIDENTIAL COUNSEL ONLY INFORMATION shall be clearly marked "CONTAINS CONFIDENTIAL COUNSEL ONLY INFORMATION."  Any document submitted to the Court that contains CONFIDENTIAL COUNSEL ONLY INFORMATION must comply with Civil Local Rule 79-5.

15.    Deposition and other testimony may be designated CONFIDENTIAL or CONFIDENTIAL COUNSEL ONLY in the following manner:

        a.      During the deposition, an attorney of record may designate any portion of the transcript as CONFIDENTIAL or CONFIDENTIAL COUNSEL ONLY.

5

   b. After the deposition, the parties shall have 10 days after the transcript is prepared in which to review the transcript in order to determine whether to designate any portion as CONFIDENTIAL or CONFIDENTIAL COUNSEL ONLY. If the requesting attorney designates any portion of the transcript as CONFIDENTIAL or CONFIDENTIAL COUNSEL ONLY, he or she will notify both the reporter and opposing counsel.  The reporter will then prepare a revised transcript in accordance with ¶ 15(c) of this Agreement.  Opposing counsel will destroy the superseded transcript, whether in hard copy or electronic form.  Should it be necessary for a Party to use any deposition material in a pleading or paper submitted to the Court before the 14 day period has ended, the submitting attorney will first give opposing counsel the opportunity to designate submitted deposition material as CONFIDENTIAL or CONFIDENTIAL COUNSEL ONLY.  During the 14 day period, the deposition will be treated as CONFIDENTIAL COUNSEL ONLY, unless the party owning the information gives opposing counsel written permission to treat specified material as CONFIDENTIAL.

   c. Deposition transcripts containing CONFIDENTIAL INFORMATION or CONFIDENTIAL COUNSEL ONLY INFORMATION shall be separately bound and appropriately marked, but will keep the same pagination as if the testimony did not contain CONFIDENTIAL INFORMATION or CONFIDENTIAL COUNSEL ONLY INFORMATION.  All electronic copies of deposition testimony containing CONFIDENTIAL INFORMATION or CONFIDENTIAL COUNSEL ONLY INFORMATION shall contain a header or footer on each page identifying the testimony as containing CONFIDENTIAL INFORMATION or CONFIDENTIAL COUNSEL ONLY INFORMATION.

STIPULATED PROTECTIVE ORDER
Case No. 07-5450
LIBA/1868849.1

16.     Before any CONFIDENTIAL INFORMATION is disclosed to any QUALIFIED PERSON (except the Court and its staff, stenographic reporters of deposition or trial testimony in this case, and attorneys of record), the QUALIFIED PERSON shall sign a copy of this Agreement. Stenographic reporters of deposition or trial testimony will be given a copy of this Agreement. The attorney disclosing CONFIDENTIAL INFORMATION shall be responsible for obtaining the signature of the QUALIFIED PERSON and shall keep a copy of all such signatures until the end of the case. At the request of a party to this Agreement, the other party shall disclose the names of those to whom CONFIDENTIAL INFORMATION has been disclosed, and provide their signatures. However, the disclosure required by this paragraph does not require the disclosure of the name of any expert witness until the time set for disclosing expert witnesses in this matter. At the end of the case, at the request of a party to this Agreement, the other party shall disclose the names of those undisclosed experts to whom CONFIDENTIAL INFORMATION has been disclosed, and provide their signatures.

17.     Before any CONFIDENTIAL COUNSEL ONLY INFORMATION is disclosed to any SPECIALLY QUALIFIED PERSON (except the Court and its staff, stenographic reporters of deposition or trial testimony in this case, and attorneys of record), the SPECIALLY QUALIFIED PERSON shall sign a copy of this Agreement. Stenographic reporters of deposition or trial testimony will be given a copy of this Agreement. The attorney disclosing CONFIDENTIAL COUNSEL ONLY INFORMATION shall be responsible for obtaining the signature of the SPECIALLY QUALIFIED PERSON and shall keep a copy of all such signatures until the end of the case. At the request of a party to this Agreement, the other party shall disclose the names of those to whom CONFIDENTIAL COUNSEL ONLY INFORMATION has been disclosed, and provide their signatures.

18.     Before any CONFIDENTIAL COUNSEL ONLY INFORMATION is disclosed to an expert, consultant or advisor retained by attorneys of record to assist them in the preparation of the case, or to a witness at deposition or trial, the disclosing party must give notice to opposing counsel sufficiently in advance to permit the party whose CONFIDENTIAL COUNSEL ONLY

7

INFORMATION would be disclosed the opportunity to object to such disclosure. This notice shall include the names of persons and firms for which the expert, consultant or advisor has performed services within the past three years. In addition, the expert, consultant or advisor must disclose in the notice any services that he or she has provided to a competitor of Axiom Worldwide, Inc. and/or Axiom Worldwide, LLC. Such notice does not require the disclosure of the name of any expert witness until the time set for disclosing expert witnesses in this matter. No disclosure of CONFIDENTIAL COUNSEL ONLY INFORMATION may be made to an expert, consultant or advisor until the party whose CONFIDENTIAL COUNSEL ONLY INFORMATION would be disclosed agrees to the disclosure or the Court has ruled on any objection. At the end of the case, at the request of a party to this Agreement, the other party shall disclose the names of those undisclosed experts to whom CONFIDENTIAL COUNSEL ONLY INFORMATION has been disclosed, and provide their signatures.

19. A Party that elects to challenge a CONFIDENTIAL COUNSEL ONLY INFORMATION designation or a CONFIDENTIAL INFORMATION designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the designating Party. In conferring, the party objecting to the designation must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A party objecting to the designation may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

20. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the designating party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet

8

STIPULATED PROTECTIVE ORDER
Case No. 07-5450
LIBA/1868849.1

INFORMATION would be disclosed the opportunity to object to such disclosure. This notice shall include the names of persons and firms for which the expert, consultant or advisor has performed services within the past three years. In addition, the expert, consultant or advisor must disclose in the notice any services that he or she has provided to a competitor of Axiom Worldwide, Inc. and/or Axiom Worldwide, LLC. Such notice does not require the disclosure of the name of any expert witness until the time set for disclosing expert witnesses in this matter. No disclosure of CONFIDENTIAL COUNSEL ONLY INFORMATION may be made to an expert, consultant or advisor until the party whose CONFIDENTIAL COUNSEL ONLY INFORMATION would be disclosed agrees to the disclosure or the Court has ruled on any objection. At the end of the case, at the request of a party to this Agreement, the other party shall disclose the names of those undisclosed experts to whom CONFIDENTIAL COUNSEL ONLY INFORMATION has been disclosed, and provide their signatures.

19. A Party that elects to challenge a CONFIDENTIAL COUNSEL ONLY INFORMATION designation or a CONFIDENTIAL INFORMATION designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the designating Party. In conferring, the party objecting to the designation must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A party objecting to the designation may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

20. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the designating party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet

8

and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the designating party in the meet and confer dialogue.  The burden of persuasion in any such challenge proceeding shall be on the designating party.  Until the Court rules on any motion for a protective order, the materials in question will continue to be treated as CONFIDENTIAL INFORMATION or CONFIDENTIAL COUNSEL ONLY INFORMATION.

21.     At the end of this case, by final judgment after appeal or by settlement, a party receiving CONFIDENTIAL INFORMATION must keep such information confidential for thirty (30) days, within which time the disclosing party may demand return of all CONFIDENTIAL INFORMATION.  Upon a demand for the return of CONFIDENTIAL INFORMATION, the party in receipt of such information will either (a) return to the disclosing party within ten (10) days all documents containing CONFIDENTIAL INFORMATION, including all copies of documents, all papers and pleadings, and all transcribed testimony, or (b) certify that all such material has been destroyed. Attorneys of record may keep deposition, trial testimony, papers and pleadings containing CONFIDENTIAL INFORMATION, but must return or destroy all underlying CONFIDENTIAL INFORMATION upon the producing party's request.  Attorneys keeping pleadings, papers and transcripts containing CONFIDENTIAL INFORMATION are under a continuing Agreement and obligation to insure the confidentiality of such documents

22.     At the end of this case, by final judgment after appeal or by settlement, counsel receiving CONFIDENTIAL COUNSEL ONLY INFORMATION shall either (a) return to the disclosing party within ten (10) days all documents containing CONFIDENTIAL COUNSEL ONLY INFORMATION, or (b) certify that all such material has been destroyed.  The obligation to return or destroy CONFIDENTIAL COUNSEL ONLY INFORMATION extends to copies of documents, all papers and pleadings, and all transcribed testimony.

23.     Any party violating the provisions of this Order by improperly disclosing CONFIDENTIAL INFORMATION or CONFIDENTIAL COUNSEL ONLY INFORMATION

9

1  shall be liable for contempt, any provable damages and for the opposing party's attorneys' fees
2  incurred in enforcing the terms of the Order.
3      IT IS SO ORDERED
4      Dated: _____          _____
5                                                   United States District Judge

6  Dated: February 27, 2008          GOODWIN PROCTER LLP
                                          Forrest A. Hainline III
7                                            Patrick S. Thompson
                                          Susanne N. Geraghty
8                                            Elizabeth F. Stone

9                                            By _____/s/_____ Susanne N. Geraghty_____
                                          Defendants Axiom Worldwide, LLC and Axiom
10                                           Worldwide, Inc.

11
12 Dated: February 27, 2008          MCINERNEY & JONES
                                          Kevin J. McInerney
                                          Kelly McInerney
13                                           Charles A. Jones

14                                           By _____/s/_____ Kelly McInerney_____

15                                           Attorneys for Plaintiffs

16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATED PROTECTIVE ORDER
Case No. 07-5450
LIBA/1868849.1